3.2.04

...ING DOCUMENT IS A FULL, ...
... COPY OF THE ORIGINAL ON FI...
... AND IN MY LEGAL CUSTODY.

TONY ANASTAS
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 [illegible] 2004

FILED
CLERK'S OFFICE MAR 15 2004

S.D. OF N.Y.

## DOCKET NO. 1456

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

*County of Westchester v. Abbott Laboratories, Inc., et al.*, S.D. New York, C.A. No. 7:03-6178

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL*

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by one defendant, Gilead Sciences, Inc., in this action (*County of Westchester*) to separate the claims against it in *County of Westchester* and remand those claims under Section 1407 to the Southern District of New York, on the ground that the claims against it in this action are distinct from plaintiff's claims against the other *County of Westchester* and MDL-1456 defendants. Plaintiff County of Westchester opposes this request and favors inclusion of its entire action in MDL-1456 pretrial proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that *County of Westchester* involves common questions of fact with the actions in this litigation previously transferred to the District of Massachusetts, and that transfer of this entire action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The Panel further finds that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of Massachusetts was a proper Section 1407 forum for actions concerning whether (either singly or as part of a conspiracy) the pharmaceutical defendants engaged in fraudulent marketing, sales and/or billing schemes by unlawfully inflating the average wholesale price of certain prescription drugs in order to increase the sales of these drugs to health care professionals and thereby boost the pharmaceutical companies' profits. *See In re Pharmaceutical Industry Average Wholesale Price*

---

* Three members of the Panel would be disqualified in this matter due to shareholdings in one or more of the interested parties, and one Panel seat was vacant at the time the matter was considered. The Panel therefore invoked the "rule of necessity" and all members participated in the decision in order to provide the forum created by the governing statute. 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

- 2 -

*Litigation,* 201 F.Supp.2d 1378 (J.P.M.L. 2002).

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Patti B. Saris for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

                                            FOR THE PANEL:

                                            Wm. Terrell Hodges
                                            Chairman